**STATEN ISLAND CITIZENS FOR CLEAN AIR, LTD., Plaintiff,**

v.

**The CITY OF NEW YORK, Defendant.**

No. 94 CV 5868.

United States District Court, E.D. New York.

Oct. 9, 1997.

Matthew S. Pavis, W.F. Van Den Houten, Staten Island, NY, for Plaintiff.

Paul A. Crotty, Corporation Counsel of the City of New York City, for Defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff Staten Island Citizens for Clean Air, Ltd. (Staten Island Citizens) brought this citizen's suit against the City of New York (The City) pursuant to section 505 of the Clean Water Act, 33 U .S.C. § 1365, and section 7002 of the Resource Conservation and Recovery Act, 42 U.S.C. § 6972(a), seeking a declaratory judgment, injunctive relief, civil penalties and an award of costs and fees for the illegal discharge of pollutants from an inactive open dump called the Richmond Truckfill.

The Richmond Truckfill is a City-owned garbage dump which operated from 1951 through 1966. Because it is an older landfill, the Truckfill has no liner or other leachate containment or collection system. The dump site is bordered on the south by Richmond Creek. Surface water from Richmond Creek flows to the Arthur Kill, a waterway on the western shore of Staten Island, which drains into Raritan Bay.

Staten Island Citizens is a not-for-profit organization dedicated to the protection of the natural resources of Staten Island. Its members live near the Richmond Truckfill, and many use the waters surrounding Staten Island for recreational purposes.

The plaintiffs allege that leachate from the dump discharges into Richmond Creek, polluting the water. Leachate is "liquid that has passed through or emerged from solid waste and contains soluble, suspended or miscible materials removed from such waste." 40 C.F.R. § 257.2.

Staten Island Citizens have sued for civil penalties and for an injunction preventing further discharge. They have moved for summary judgment, seeking a declaration that the defendant has violated the Clean Water Act and the Resource Conservation and Recovery Act. The defendant, in turn, has asked for summary judgment dismissing the plaintiffs' claims.

### I

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Uncertainty regarding the truth of any alleged material fact will defeat a summary judgment motion. *U.S. v. One Tintoretto Painting*, 691 F.2d 603, 606 (2d Cir. 1982).

### II

The Clean Water Act, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters unless the discharge is made in compliance with certain other provisions of the act. That section prohibits, among other things, discharges which are not authorized by, or are in violation of the terms of a permit issued pursuant to 33 U.S.C. § 1342. Citizens have standing to enforce the provisions of this act under 33 U.S.C. § 1365(a).

The plaintiffs allege that the City has not obtained a permit for the Richmond Truckfill Site, and that the site is discharging leachate into Richmond Creek, in violation of the Act.

■ The City moves for summary judgment, arguing that the plaintiffs have not proved that the Truckfill Site is currently discharging leachate into the nearby waters, and thus have showed that this Court has jurisdiction. The Clean Water Act does not confer citizen's suit jurisdiction for past acts of pollution. *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation*, 484 U.S. 49, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987). But the plaintiffs have made a good-faith allegation that the defendant's violations continue today. That is all that is required of them at this stage. They will need to prove their case at trial. *Id.* at 385.

■ The plaintiffs move for summary judgment, asking that the defendants be declared to have violated the Clean Water Act. As evidence of its claims, the plaintiffs have introduced the report of an expert. His conclusion, based upon his site inspection and his experience as an engineer, is that leachate containing pollutants is being discharged from the site of the Truckfill through discernible, identifiable channels into Richmond Creek. For its part, the defendant has introduced the affidavit of its expert, who observed no discharges from the Truckfill. He concludes that there is no evidence that the site is discharging leachate into the nearby waters. Consequently, a declaration that the City has violated the Clean Water Act would require the resolution of disputed material facts inappropriate on a motion for summary judgment.

### III

The Resource Conservation and Recovery Act, 42 U.S.C. § 6972(a) and § 6945 (Recovery Act), establishes mandatory standards for the management and disposal of solid and hazardous wastes. Section 6945 prohibits "open dumping" as outlined in the federal criteria established by 40 C.F.R. § 257. Under Section 6972(a)(1)(A), citizens may bring suit against any "governmental instrumentality or agency... who is alleged to be in violation" of any requirement or regulation of this statute. Count II of the plaintiffs' complaint alleges that the City is in violation of this provision.

■ The City has moved to dismiss this claim, arguing that because the dump closed in 1966 the claim is not cognizable under this section of the Recovery Act, which does not permit claims based on violations that occurred wholly in the past. But plaintiffs the have alleged that the Truckfill site is currently discharging leachate containing pollutants and constituents of solid waste into Richmond Creek. Such a discharge is a "disposal of solid waste" within the meaning of 40 C.F.R. Part 257 and constitutes a current violation of the Recovery Act. *Prisco v. New York*, 902 F.Supp. 374 (S.D.N.Y.1995); *Gache v. Town of Harrison*, 813 F.Supp. 1037 (S.D.N.Y.1993).

Section 6972(a)(1)(B) of the Recovery Act permits suits by citizens against any governmental body who is a "past or present owner or operator of a treatment, storage, or disposal facility, who has contributed... to the past or present... disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment." The plaintiffs have alleged in Count III of their complaint that the City has violated this provision.

■ The City has moved to dismiss this claim, arguing that the plaintiffs have not made any showing that the discharge of leachate presents any imminent or substantial health or environmental risk. Where there is no suggestion beyond mere allegation that imminent and substantial endangerment may exist, there is no genuine issue of fact remaining to defeat a motion for summary judgment. *Prisco v. New York*, 902 F.Supp. 374, 394 (S.D.N.Y.1995).

Plaintiff have offered evidence that there is an unusually high concentration of arsenic, zinc, copper, boron, nickel, and ammonia in surface water samples from the Truckfill Site. Plaintiff's expert has opined that leachate containing pollutants is being discharged from the Truckfill Site into Richmond Creek. A discharge of pollutants into navigable waters is deemed to "pose a reasonable proba-

bility of adverse effects on health or the environment" under 40 C.F.R. § 257.3. Consequently, plaintiffs have made a showing of a possible endangerment of health or the environment sufficient to preclude summary judgment on this issue.

Finally, the plaintiffs have moved for summary judgment arguing that the City should be found as a matter of law to have violated both Section 6972(a)(1)(A) and Section 6972(a)(1)(B) of the Recovery Act. As recited above, the defendant disputes whether the Truckfill Site is in fact discharging leachate. The existence and source of the leachate are issues of material fact that preclude a grant of summary judgment.

Plaintiffs' motions for summary judgment are denied. Defendant's motions for summary judgment are also denied.

So ordered.